**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-MC-61883-DAMIAN/STRAUSS**

IN RE:

JTC SKYWAYVE INVESTMENTS LTD
AND HARALD MCPIKE'S EX PARTE
PETITION FOR JUDICIAL ASSISTANCE
IN AID OF FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782.
_______________________________/

**ORDER GRANTING *EX PARTE* PETITION FOR JUDICIAL ASSISTANCE IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

THIS MATTER comes before the Court upon JTC Skywave Investments LTD and Harald McPike's *Ex Parte* Petition for Judicial Assistance in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 [DE 1] (the "Application"). District Judge Melissa Damian has referred the Application to me for appropriate disposition. *See* [DE 4] at 1. I have reviewed the Application and the other pertinent portions of the record. For the reasons stated below, the Application is **GRANTED**.

**BACKGROUND**

Applicants JTC Skywave Investments LTD ("JTC") and Harald McPike ("McPike") (collectively, "Applicants") ask the Court for an order permitting them to obtain discovery from Citibank NA ("Citibank") for use in pending legal proceedings in the Federation of Saint Christopher and Nevis ("Nevis"). [DE 1] at 1. The foreign proceeding is between Applicants, Andrew Mart ("Mart"), and Luminastra Ltd. *Id.* Applicants seek leave to serve a subpoena for documents (bank statements) on Citibank. *Id.* at 1.

JTC is a foreign company in which McPike is the "ultimate beneficial owner." *Id.* at 2. Applicants have alleged that Mart fraudulently induced JTC and McPike into making payments

that, according to Mart's representations, would be an investment in Luminastra Ltd., a company that supposedly owned equity interests in several other entities. *Id.* at 2; *see* [DE 1-2] ¶ 4, at 2. As Applicants explain, JTC and McPike relied on Mart's representations and sent more than $10 million to a U.S. bank account at Citibank, which Mart represented was owned by Luminastra Ltd. [DE 1] at 2-3; [DE 1-2] ¶ 4, at 2. Yet the bank account at Citibank apparently belongs to Luminastra LLC, not Luminastra Ltd. [DE 1-2] ¶ 4, at 3. This other "Luminastra" entity is an Illinois limited liability company that Applicants, on information and belief, state is owned by Mart. [DE 1] at 2; [DE 1-2] ¶ 4, at 3. Applicants assert that Mart's representations to them were not true and ultimately led Applicants to send more than $14 million to Luminastra LLC. [DE 1] at 2-3; [DE 1-2] ¶ 4, at 3. The misrepresentations supposedly allowed Mart and another person to abscond with Applicants' money without ever delivering shares of Luminastra Ltd. [DE 1-2] ¶ 4, at 2.

In early 2024, Applicants filed a complaint in Florida state court against Mart and others for fraudulent inducement and civil conspiracy. [DE 1] at 2-3; [DE 1-2] ¶ 3, at 1. The defendants in that action removed the case from state to federal court in this district. [DE 1] at 3; [DE 1-2] ¶ 3, at 1-2. Mart and the other defendants then moved to dismiss for, among other things, *forum non conveniens*.[1] [DE 1] at 3; [DE 1-2] ¶ 5, at 3. The defendants in the prior action also moved to stay discovery pending a ruling on the motion to dismiss. [DE 1] at 3; [DE 1-2] ¶ 6, at 3. District Judge Robin Rosenberg denied the motion to stay discovery. [DE 1] at 3; [DE 1-2] ¶ 6, at 3. The defendants in the prior action then moved to quash the subpoena that Applicants had served on Citibank while the motion to dismiss was pending. [DE 1] at 3; [DE 1-2] ¶ 7, at 3. The subpoena

---

[1] *See generally JTC Skywave Invs. LTD v. Mart*, No. 24-CV-80499, 2024 WL 5660812 (S.D. Fla. July 8, 2024), *aff'd*, No. 24-12237, 2025 WL 1165922 (11th Cir. Apr. 22, 2025).

to Citibank sought bank records of Luminastra LLC. [DE 1] at 3; [DE 1-2] ¶ 5, at 3. Magistrate Judge Reinhart held a discovery hearing and later denied the motion to quash the subpoena, finding that "the bank records as called for in [Applicants'] third-party subpoena [were] relevant and proportional for discoverability purposes." [DE 1] at 4; [DE 1-2] ¶ 7, at 3. Magistrate Judge Reinhart also ordered the defendants to retrieve those bank records before a specified deadline. [DE 1] at 4. However, before documents were produced, Judge Rosenberg granted the motion to dismiss the case for *forum non conveniens*. [DE 1] at 4; [DE 1-2] ¶ 8, at 4. Consequently, no records were produced. [DE 1] at 4; [DE 1-2] ¶ 9, at 4. The Eleventh Circuit affirmed the district court's dismissal. *See JTC Skywave Invs. Ltd. v. Mart*, No. 24-12237, 2025 WL 1165922, at *5 (11th Cir. Apr. 22, 2025).

Luminastra Ltd. and Mart then initiated legal proceedings in Nevis. [DE 1] at 4; [DE 1-2] ¶ 3, at 5. There, Luminastra Ltd. and Mart seek a declaratory judgment that Applicants breached an agreement between the parties, and that Luminstra Ltd. does not have to transfer shares to Applicants. [DE 1] at 4; [DE 1-2] ¶ 5, at 6. Applicants explain that they have filed a defense and counterclaim in Nevis, alleging, among other things, that they remitted $12 million via wire transfer to Luminastra LLC in reliance on Mart's actions and statements. [DE 1] at 4; [DE 1-2] ¶ 6, at 6.

To support their claims and defenses, Applicants seek leave to serve the subpoena attached to the Application on Citibank. [DE 1] at 5. Applicants claim that they need to obtain the bank account records for Luminasta LLC to defend the claims against them and pursue their counterclaims in the Nevis proceedings. *Id.*; [DE 1-2] ¶ 7, at 6. According to Applicants, the subpoena, which is attached to the Application, seeks the same documents as the prior subpoena that Magistrate Judge Reinhart determined were discoverable. [DE 1] at 5.

**ANALYSIS**

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a). Where, as here, an applicant files an application for judicial assistance,[2] the district court may grant the application provided that the following statutory requirements are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (footnote omitted) (quoting 28 U.S.C. § 1782(a)). "If these requirements are met, then § 1782 'authorizes, but does not require, a federal district court to provide assistance . . . .'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)). A district court should analyze certain discretionary factors to determine whether to grant assistance under § 1782:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

[2] The Application was filed on an *ex parte* basis, but "§ 1782 applications are routinely filed *ex parte*." *In re Martinez*, 736 F. Supp. 3d 1189, 1203 (S.D. Fla. 2024); *In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011).

*Id.* (quoting *Intel*, 542 U.S. at 264-65). Moreover, "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.

The Court will grant the Application and permit Applicants to serve the attached subpoena on Citibank because the requisite statutory elements under § 1782 are met and the discretionary factors favor granting the Application.

## I. STATUTORY REQUIREMENTS

Applicants meet the statutory requirements under § 1782. *First*, the request has been made by an interested person because Applicants are parties to the Nevis action. The Supreme Court explained that "litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782." *Intel*, 542 U.S. at 256 (citation modified); *cf. In re Shchegoleva*, No. 25-CV-23858, 2026 WL 2546065, at *5 (S.D. Fla. Aug. 28, 2026) (holding that applicant was interested person because "[s]he was a litigant in the then-pending Spanish Divorce Proceeding and is a litigant in the currently stayed Spanish Liquidation Proceeding").

*Second*, the request seeks either the "testimony or statement" of a person or the production of "a document or other thing" because the subpoena attached to the Application requests that Citibank produce "[a]ll bank statements for Luminastra LLC Account No. [XXX]-8234 from January 1, 2019 – May 28, 2024." [DE 1-2] at 11. These bank statements could potentially substantiate Applicants' allegations in the Nevis action, meaning the request seeks evidence and is not merely a disguised attempt to enforce a foreign judgment through a § 1782 request. *See In re Clerici*, 481 F.3d at 1332.

*Third*, the bank statements are for use in a foreign legal proceeding because, as Applicants' counsel abroad avers, the discovery is "necessary for [Applicants] to defend the claims against them in the Nevis Action, and to pursue their counterclaims in the Nevis Action." [DE 1-2] ¶ 7, at

6. The bank statements for Luminastra LLC's Citibank account could substantiate Applicants' allegations in their counterclaim and simultaneously refute Mart and Luminastra Ltd.'s claims for a declaratory judgment.

*Fourth*, the person from whom discovery is sought, Citibank, is found in this district for § 1782 purposes. A company like Citibank can be found in this district if it maintains an office and does business here. *See Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("[T]he application seeks discovery from JAS USA, which has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."). Citibank maintains an office and does business in the Southern District of Florida because, as Applicants point out, the address for Citibank in the proposed subpoena is an address for one of the company's locations in Fort Lauderdale. *See* [DE 1-2] at 11; [DE 1] at 5.

All four elements of a prima facie case are met under § 1782, so the Court may (but is not required to) grant the Application. The Court thus turns to the discretionary factors laid out by the Supreme Court in *Intel*.

## II. DISCRETIONARY FACTORS

I conclude that the discretionary factors favor granting the Application and permitting Applicants to serve the attached subpoena on Citibank.

The first factor is whether Citibank is a participant in the foreign proceedings. *See Intel*, 542 U.S. at 264-65. This factor typically weighs in favor of granting an application when the party from whom discovery is sought is not a participant in the foreign proceedings. *See id.* at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a)."

*Id.* This factor favors granting the Application because Citibank is not currently a party and is unlikely to become one. *See* [DE 1-2] ¶ 12, at 7. Indeed, Applicants' Nevis counsel avers that "Citibank is not a bank licensed to operate in Nevis . . . and is therefore not likely to be subject to the jurisdiction of the Nevis Court in the future." *Id.*; *cf. In re Pons*, 614 F. Supp. 3d 1134, 1150 (S.D. Fla. 2020) ("Because AMKE is not a participant in the foreign proceeding and is located in this District, it appears that AMKE is outside the jurisdictional reach of the Ecuador Family Court, and the evidence sought is likely unobtainable absent Section 1782 aid. Consequently, the Court finds that this factor weighs in favor of granting the discovery requests."), *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020).

The second *Intel* factor—the nature of the foreign tribunal and its receptiveness to federal-court judicial assistance—also weighs in favor of granting the Application. *See Intel*, 542 U.S. at 264-65. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, a district court should err on the side of permitting discovery." *In re Martinez*, 736 F. Supp. 3d 1189, 1197 n.6 (S.D. Fla. 2024) (citation modified) (clarifying that court was quashing subpoenas only because applicants failed to follow Federal Rule of Civil Procedure 45 and rejecting argument that court in St. Kitts and Nevis would not have allowed requested discovery). No authoritative proof indicating that the court in the Nevis proceedings would reject the evidence sought by Applicants is before the Court. According to Applicants' counsel in the Nevis proceedings, the Nevis court is unlikely to be hostile to this Court's assistance under § 1782. *See* [DE 1-2] ¶¶ 9-11, at 6. The discovery of documents, such as the bank statements that Applicants seek from Citibank, are commonplace and permissible in civil litigation there. *See id.*

Third, nothing suggests that the § 1782 request is merely an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. *See Intel*, 542 U.S. at 264-65. The relevant inquiry for the third *Intel* factor is not whether the foreign court "would order the requested discovery if it had jurisdiction over" the person from whom discovery is sought; instead, the inquiry is whether there are foreign "proof-gathering restrictions that are akin to privileges that would prohibit the acquisition or use of the items sought." *In re Salem*, No. 23-CV-23186, 2024 WL 4464288, at *12 (S.D. Fla. Aug. 28, 2024) (citation omitted), *report and recommendation adopted*, 2024 WL 4314771 (S.D. Fla. Sept. 27, 2024). Applicants' Nevis counsel explains, "There are no restrictions or grounds which would warrant a refusal or denial by the Nevis Court to grant disclosure of the information sought . . . ." [DE 1-2] ¶ 10, at 6. The court in the Nevis action also has not denied the information sought by Applicants. *Id.* This factor favors granting the Application.

Lastly, the request does not appear to be unduly intrusive or burdensome. *See Intel*, 542 U.S. at 264-65. The subpoena seeks only bank statements for one account from 2019, when Mart proposed that Applicants' make an investment in Luminastra Ltd., to May 28, 2024, the approximate date when Applicants served the nearly identical subpoena in the prior action in this Court. The account belongs to Luminastra LLC, the entity that would have received the money instead of Luminastra Ltd. The date limitations reflect the period at issue in Applicants' allegations, and the requested documents are seemingly central to Applicants' theory. I find that the scope is appropriate based on the current record. The request does not appear to be unduly intrusive or burdensome.

All the discretionary factors favor granting the Application. As a result, Applicants have established that they meet the statutory elements and that the non-statutory factors favor assistance under § 1782. The Court will exercise its discretion to grant the Application.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Application [DE 1] is **GRANTED**.

2. Applicants may issue and serve the subpoena attached to the Application. *See* [DE 1-2] at 11-13.

3. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicants.

4. Any discovery taken under this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

5. A copy of this Order shall be served with the subpoena upon Citibank and the parties to the Nevis proceedings.

6. Because this Order disposes of the Application, which is the subject of this proceeding, the **CLERK** shall **CLOSE** this case for administrative and statistical purposes.[3]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of September 2026.

**Jared M. Strauss**
**United States Magistrate Judge**

[3] The undersigned Magistrate Judge has entered an order rather than a report and recommendation because "§ 1782 motions are non-dispositive matters within the meaning of 28 U.S.C. § 636(b)(1)(A) . . . ." *Rothe v. Aballi*, No. 20-12543, 2021 WL 4429814, at *2 (11th Cir. Sept. 27, 2021); *see also In re Pons*, 614 F. Supp. 3d at 1141 (collecting cases).