**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-61883-DAMIAN/STRAUSS**

IN RE:

JTC SKYWAYVE INVESTMENTS LTD
AND HARALD MCPIKE'S EX PARTE
PETITION FOR JUDICIAL ASSISTANCE
IN AID OF FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782.
_____________________________________/

**OMNIBUS ORDER ON MOTION TO INTERVENE, TO QUASH OR MODIFY SUBPOENA, AND FOR PROTECTIVE ORDER**

THIS MATTER comes before the Court upon Luminastra LLC and Andrew N. Mart's Motion to Intervene [DE 6] and Motion to Quash or Modify Subpoena to Citibank, N.A. and for Protective Order [DE 7] (the "Motion to Quash") (collectively, the "Motions"). District Judge Melissa Damian has referred this matter to me to take all necessary and proper action as required by law. [DE 4] at 1. I have reviewed the Motions, along with the parties' other submissions and the relevant portions of the record. For the reasons stated below, the Motion to Intervene will be granted, but the Motion to Quash will be denied.

These proceedings arose from an *ex parte* application filed pursuant to 28 U.S.C. § 1782 by Applicants JTC Skywave Investments LTD ("JTC") and Harald McPike ("McPike") (collectively, "Applicants"). The § 1782 application asked the Court for an order permitting Applicants to obtain bank records from Citibank NA ("Citibank") for use in pending legal proceedings in the Federation of Saint Christopher and Nevis ("Nevis"). *See* [DE 1] at 1. The Court initially granted the application and permitted Applicants to issue and serve the attached subpoena. *See generally* [DE 5]. Around four weeks later, Luminastra LLC and Andrew N. Mart ("Mart") (collectively, "Movants") moved to intervene and to quash or modify the subpoena to Citibank.

*See generally* [DE 6]; [DE 7]. The Court temporarily stayed Citibank's production until it could resolve the Motions. *See* [DE 14] at 1; [DE 19]. In the Motions, Movants argue, among other things, (1) that they may intervene as of right or should be permitted to intervene, (2) that the subpoena is overbroad and disproportionate given the current allegations in the Nevis proceedings, and (3) that Applicants failed to provide notice of the subpoena to Luminastra LLC, which is not one of the litigants in the Nevis proceedings (despite having been named in the prior Florida action that was dismissed for *forum non conveniens*). *See generally* [DE 6]; [DE 7]. Applicants reject Movants' arguments and insist that the subpoena is proper. *See generally* [DE 16]. The Court addresses these arguments in turn.[1]

## I. INTERVENTION

In the Motion to Intervene, Movants seek to intervene to contest the subpoena issued to Citibank. *See* [DE 6] at 10. Movants argue that they may intervene as a matter of right or that the Court should permit permissive intervention. *Id.* at 4-6. Applicants do not appear to contest or oppose Movants' request to intervene. *See* [DE 16] at 8 ("Applicants do not oppose intervention as such. Courts in this District often permit parties to the foreign proceeding to intervene in a § 1782 matter to challenge a subpoena, and for purposes of this response Applicants assume that Movants may do so. But intervention does not give Movants an interest in the records that they otherwise lack." (citation omitted)).

Regardless of whether Applicants oppose intervention, I conclude that Movants have, at minimum, met the lower bar for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure—based on Movants' timely, pre-production challenge of the subpoena for bank

[1] Because Movants have withdrawn it, the Court does not address the competitive-interest argument or related request for an attorney-eyes-only protection. *See* [DE 18] at 1-2.

records relating to Luminastra LLC's account at Citibank, which would likely be used against Mart in the Nevis proceedings. *See* Fed. R. Civ. P. 24(a)-(b) (providing for intervention of right and permissive intervention); *cf. In re Martinez*, 736 F. Supp. 3d 1189, 1202 (S.D. Fla. 2024) (granting request to intervene under Rule 24(a) and (b) in § 1782 proceedings where would-be intervenors—who were also parties to foreign litigation—challenged subpoenas served on banks for bank records that would likely be used against intervenors in foreign litigation); *In re Abad*, No. 26-MC-60011, 2026 WL 959293, at *4 (S.D. Fla. Apr. 8, 2026) (permitting movant to intervene under Rule 24(a) and (b) to challenge *ex parte* § 1782 application).

The Court will therefore grant the Motion to Intervene.

## II. SCOPE OF SUBPOENA

After allowing Movants to intervene, the dispute boils down mostly to a disagreement over relevance and proportionality. Movants principally argue that, without the conspiracy allegations from the prior Florida action tied to the claims asserted against Luminastra LLC and others, the scope of Luminastra LLC's banking records that are relevant and proportional to the Nevis litigation are much narrower than in the Florida litigation. *See* [DE 7] at 5-11; [DE 18] at 3-8. In addition to asserting that collateral and judicial estoppel preclude Movants' argument, Applicants argue that the full records are relevant and proportional to its allegations in the Nevis proceedings that the at-issue funds were fraudulently diverted to separate entities. *See* [DE 16] at 11-17. Assuming without deciding that neither collateral estoppel nor judicial estoppel applies, the Court determines that the discovery sought by Applicants through the subpoena is relevant and proportional to the needs of the case.

The Federal Rules of Civil Procedure apply to discovery taken under § 1782 unless the district court states otherwise. *See* 28 U.S.C. § 1782(a) ("To the extent that the order does not

prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."). The Court's prior order granting the *ex parte* § 1782 application stated that "[a]ny discovery taken under this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure." [DE 5] at 9. Accordingly, Rule 26(b) of the Federal Rules of Civil Procedure governs the general scope of discovery. *See* Fed. R. Civ. P. 26(b). It states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Yet certain circumstances may require a court to limit the extent or frequency of discovery, such as when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C).

Here, the at-issue subpoena falls within the scope of discovery. First, relevance, especially from a discovery standpoint, is broad. *E.g.*, *Seich v. Boppy Co., LLC*, 345 F.R.D. 539, 543 (N.D. Fla. 2024) ("The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes, and as such discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." (citation modified)). Applicants make a compelling argument for why the banking records that they have sought are relevant to their diversion allegations in the Nevis action, at least from a discovery perspective. *See* [DE 16] at 15-17. Beyond indicating the mere fact that the at-issue funds entered the account, the broader records sought by Applicants would be relevant to show: (1) the purpose for and use of Luminasta LLC's bank account; (2) where the funds that Applicants allege were fraudulently diverted went; and (3) who controlled the account at the time

of or prior to the alleged diversion of particular funds. As for temporal tailoring, the Court agrees with Applicants that any statements predating Luminastra LLC's formation are relevant and that the end date both tracks the prior subpoena from the prior Florida action and capture's Luminastra LLC's final months. *See* [DE 16] at 17.

Contrary to Movants' assertions, the conclusion is not different just because the pleadings in the Nevis action dropped the allegations related to the conspiracy claim against Luminstra LLC and other similar allegations. The bank records are still central to Applicants' allegations of diversion of funds, as raised in the Nevis case. *See* [DE 7-1] at 27-28, 30. Indeed, Movants concede that "[t]he Nevis Defence and Counterclaim retain allegations of fraudulent misrepresentation and diversion . . . ." [DE 18] at 7. And the Court gives significant weight to Judge Reinhart's earlier determination, even if his determination is not entitled to any preclusive effect. At bottom, Movants have not shown that the allegations between the two cases are so different that the subpoena issued in this proceeding should be subject to a narrower scope than the one in the prior Florida litigation. Furthermore, Movants have not addressed any other consideration that might otherwise indicate that the request is disproportionate (e.g., the cost and burden of production, which is only borne by Citibank). Lastly, Movants' withdrawal of their competitive-interest argument removes any notion that there would be some other kind of burden on Movants from the disclosure of these records.

Accordingly, the Court finds that the scope of the subpoena is proper under Rule 26(b) and will not quash or modify it on the grounds raised by Movants.

## III. NOTICE OF SUBPOENA

Movants appear to argue that the subpoena should be quashed in its entirety under Rule 45(a)(4)[2] because Applicants provided notice only to the Nevis litigants' counsel and not to Luminastra LLC. *See* [DE 7] at 11; [DE 18] at 8-10. Movants stress that Luminstra LLC, the owner of the bank account at issue, is currently not a party to the Nevis action and is distinct from Luminstra Ltd. *See* [DE 7] at 11. Applicants respond that the notice argument is moot because Applicants served a copy of the subpoena, as this Court directed, on Citibank and the parties to the Nevis proceedings. *See* [DE 16] at 17. Applicants further respond that Mart, the sole member and authorized representative of Luminastra LLC, received notice and has objected. *See* [DE 16] at 17. I conclude that the facts of the case do not warrant quashing the subpoena based on any supposed notice deficiencies under Rule 45(a)(4).

Rule 45(a)(4) requires that, before serving a subpoena for documents (like bank statements) on the person to whom the subpoena is directed, "a notice and a copy of the subpoena must be served on *each party*." Fed. R. Civ. P. 45(a)(4) (emphasis added). Although the application of Rule 45(a)(4) in § 1782 proceedings "is not a well-developed area of the law," the rule applies here. *In*

[2] The exact basis for Movants' challenge has shifted somewhat between the Motion to Quash and the later-filed reply. In the Motion to Quash, Movants cite a § 1782 case quashing a subpoena on Rule 45(a)(4) grounds but acknowledge that the case is "distinguishable" because Luminastra LLC is a non-party. *See* [DE 7] at 11. *See generally* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, . . . then before it is served on the person to whom it is directed, *a notice and a copy of the subpoena must be served on each party*." (emphasis added)). Movants also state in the Motion to Quash that the situation here "does not establish a mandatory Rule 45(a)(4) violation" but supports the proposition that the Court should ensure an effective challenge by the owner of the bank account. *Id.* In the reply, however, Movants reframe their argument by seemingly asserting that Luminasta LLC was entitled to notice under Rule 45(a)(4) because Luminstra LLC is an "expected" adverse party. *See* [DE 18] at 8-10. Based on the reframing, Movants appear to argue that what occurred in this case was in fact a Rule 45(a)(4) violation that justifies quashing the subpoena. *See id.* at 10. Even assuming Movants have not waived this reframed version of their argument, the Court is unpersuaded for the reasons stated in this order.

*re Martinez*, 736 F. Supp. 3d at 1203 n.9; *see* 28 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); *see also* [DE 5] at 9 ("Any discovery taken under this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.").

Several courts have held in § 1782 cases that the requirement of notice to "each party" in Rule 45(a)(4) means that notice must be given to the parties and expected parties to the foreign litigation. *See, e.g.*, *In re Martinez*, 736 F. Supp. 3d at 1203-04 (citing *In re Rivada Networks*, 230 F. Supp. 3d 467, 470, 473 (E.D. Va. 2017)). *But see id.* at 1204 n.10 ("To be clear, we are not stating a blanket rule that applies in every § 1782 proceeding."). In *In re Martinez*, the case upon which Movants heavily rely, the § 1782 applicants similarly sought to subpoena bank account records from a U.S. bank to trace payments and establish allegations of fraud in litigation occurring in St. Kitts and Nevis (albeit to prove the truth of allegations made in an allegedly defamatory letter). *See* 736 F. Supp. 3d at 1194-95. Like this Court, the district court there initially granted the *ex parte* § 1782 application and permitted the applicants to serve a subpoena on a bank. *See id.* at 1195. Several weeks later, some of the parties to the foreign litigation moved to quash the subpoena for failure to comply with Rule 45(a)(4). *Id.* at 1196. According to those movants, the applicants failed to serve a notice and a copy of the subpoena on them before serving the subpoena on the bank. *Id.* Because the movants in that case were existing parties to the foreign litigation when the § 1782 application was filed, the district court concluded that the applicants violated Rule 45(a)(4) by not giving notice of the subpoena before serving it on the bank. *Id.* at 1203-04.

However, even though Rule 45(a)(4) may apply in § 1782 cases, a technical violation of Rule 45(a)(4) does not require a court to grant a motion to quash reflexively. *Id.* at 1204.

"Generally speaking—i.e., in the non-§ 1782 context—quashing a subpoena can be a permissible remedy when a party fails to comply with Rule 45(a)(4)." *Id.* Yet quashing is not always the right remedy. *Id.* at 1205 ("We say 'can be' because quashing isn't always an appropriate remedy for a Rule 45(a)(4) violation."). Indeed, while the district court in *In re Martinez* vacated its prior order granting the *ex parte* § 1782 application and quashed any resulting subpoenas,[3] it made clear that other courts have employed "a range of other remedies" in the same situation. *Id.* at 1205 n.11. The district court elsewhere clarified that it was quashing the subpoenas "*only* because (1) the Applicants failed to comply with Rule 45(a)(4), and (2) we have concerns about the scope of the discovery we permitted." *Id.* at 1197 n.6.

Here, even assuming for sake of argument that Applicants committed a technical violation of Rule 45(a)(4) by not providing notice of the subpoena to Luminastra LLC, a terminated entity that is not presently a named party to the Nevis proceedings, the Court does not find that quashing the subpoena is warranted. For starters, unlike the district court in *In re Martinez*, this Court does not have concerns about the discovery permitted by the prior order granting Applicants' *ex parte* § 1782 application. As noted above, the discovery sought by Applicants appears to be relevant and proportional to the needs of the case.

Furthermore, the lack of any prejudice from the supposed violation of Rule 45(a)(4) heavily weighs against quashing the subpoena to Citibank. Rule 45(a)(4)'s purpose is to "enable[e] the other parties to object or to serve a subpoena for additional materials." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. This case is not one where, due to the supposed lack of notice, Movants have been "deprived of their opportunity to object or otherwise protect their

---

[3] The district court permitted the applicants to file a renewed § 1782 application. *In re Martinez*, 736 F. Supp. 3d at 1206.

interests in direct violation of the rule's purpose." *Gonzalez v. RFJD Holding Co., Inc.*, No. 14-61041-CIV, 2014 WL 12600141, at *1-2 (S.D. Fla. Sept. 2, 2014) (quashing subpoena where plaintiffs served subpoena on non-party without giving notice to defendants, non-party responded with extensive production, and defendants only found out about subpoena after production by contacting non-party). The purpose of the rule has not been undermined here because all that further notice to Luminastra LLC would have given is the opportunity to be heard, which the entity and Mart have both now received in this § 1782 case.

In fact, Mart and Luminastra LLC have been given *two* chances at attacking what is essentially the same subpoena. First, in the now-dismissed Florida case, Mart and Luminastra LLC were among the defendants that sought to quash a near-identical subpoena there. *See* Joint Discovery Memorandum at 1-6, *JTC Skywave Invs. Ltd. v. Mart*, No. 24-cv-80499 (S.D. Fla. June 26, 2024), [DE 36]. The parties appear to agree that Judge Reinhart ruled against Mart, Luminastra LLC, and the other defendants and ordered production that would have occurred but for dismissal on *forum non conveniens* grounds. Now, Mart and Luminastra LLC have been given a second opportunity to contest basically the same subpoena. This second opportunity to be heard also occurred before any production by Citibank.

Under the unique circumstances of the case, the Court cannot find that quashing the subpoena is the appropriate remedy for any purported failure to comply with Rule 45(a)(4).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Intervene [DE 6] is **GRANTED**.

2. The Motion to Quash [DE 7] is **DENIED**.

3. The stay of Citibank's production is **LIFTED**. Citibank shall produce all documents responsive to the at-issue subpoena by no later than **October 29, 2026**.

4. The case will remain **CLOSED**.

5. Applicants shall serve this Order on Citibank and the parties to the Nevis proceedings.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of October 2026.

Jared M. Strauss
United States Magistrate Judge